**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

**IN AND FOR NEW CASTLE COUNTY**

ANN F. SELLERS, as Guardian for )
JEAN W. FITZGERALD, )
                      )
        Plaintiff, )
                      )
        v. )        C.A. No. N15C-05-147 JAP
                      )
1100 NORMAN ESKRIDGE )
HIGHWAY LLC D/B/A SEAFORD )
CENTER, a Delaware corporation, )
                      )
        Defendant. )

**ORDER**

1.     The plaintiff-ward is an elderly woman who resided at the defendant nursing home. Her guardian has filed this suit alleging that the ward was injured when she spilled a bowl of hot soup on her leg. According to the complaint the ward should not have been allowed to eat without supervision and that she was not being supervised when she spilled the soup.

2.     The defendant has filed a motion requesting this court to review the sealed affidavit of merit and determine whether it satisfies 18 Del. C. §6853. The court has reviewed the affidavit, and this is its ruling.

3.     The court has considerable doubt whether an affidavit of merit is even required here. Section 6853 requires an affidavit of merit in a "healthcare negligence lawsuit." Defendant argues that it is a "health

care provider," and the court will assume this to be the case. It does not necessarily follow that an affidavit of merit is required here. There are a wide variety of torts which can be committed by a "health care provider" which do not require a plaintiff to file an affidavit of merit. Take, for example, the case of a visitor who slips on a wet spot in a hospital lobby that the staff negligently failed to clean up. The defendant's status as a "healthcare provider" does not, by itself, invoke section 6853. Rather the complaint must also allege "healthcare negligence." The statute does not define that term, but one could reasonably infer it involves the rendering (or failure to render) of some sort of professional services by the healthcare provider. The Medical Negligence Act defines "healthcare" as

> any act or treatment performed or furnished, or
> which should have been performed or furnished,
> by any health care provider for, to or on behalf of
> a patient during the patient's medical care,
> treatment or confinement.[1]

The term "medical negligence" is defined to mean "any tort . . . based on health care or professional services rendered, or which should have been rendered, by a health care provider to a patient."[2] To the extent that this case charges that defendant's agents failed to adequately supervise the ward while she was eating, the court has serious doubts whether the claims come within the Medical negligence Act and whether an affidavit of merit is even required.

---

[1]   18 Del. C. §6801(4).
[2]   *Id.* at (7).

4. The court need not now resolve the question whether the Medical Negligence Act applies here. Assuming, but not deciding, that it applies, the court finds the affidavit of merit complies with section 6853.

5. Defendant asks the court to determine if the affidavit of merit "states all its opinions with reasonable probability." Although the "reasonable probability" standard governs the admission of expert opinion evidence at trial, it is not applicable here. Section 6853 requires only that the affiant state that there are "reasonable grounds to believe" that healthcare negligence has occurred and this negligence was a proximate cause of the plaintiff's injuries. It provides in pertinent part: "No healthcare negligence lawsuit shall be filed in this State unless the complaint is accompanied by . . . [a]n affidavit of merit . . . *stating that there are reasonable grounds to believe that there has been healthcare medical negligence.*"[3] Elsewhere the same statute requires that "[t]he affidavit . . . of merit shall set forth the expert's opinion that there are *reasonable grounds to believe* that the applicable standard of care was breached by the named defendant or defendants and that the breach was a proximate cause of injury or injuries claimed in the complaint."[4] When that standard is applied, the Affidavit of Merit filed in this matter satisfies section 6853.

---

[3] 18 Del. C. §6853 (a)(1)(emphasis added).
[4] *Id.* at subsection (c)(emphasis added).

**Wherefore**, the court finds that the Affidavit of Merit filed in this matter satisfies the requirements of 18 Del. C. §6853.

August 4, 2015

John A. Parkins, Jr.
Superior Court Judge

oc:    Prothonotary

cc:    Gary S. Nitsche, Esquire – Weik, Nitsche, Dougherty & Galbraith, Wilmington, Delaware
Maria R. Granaudo Gesty, Esquire – Burns White LLC, Wilmington, Delaware

4